UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANNA PLOSS,<br><br>   Plaintiff,<br><br>v.<br><br>THE TOWN OF SWAMPSCOTT, SWAMPSCOTT POLICE DEPARTMENT, SWAMPSCOTT POLICE CAPTAIN JOSEPH KABLE,<br><br>   Defendant, | Civil Action No.: |

## COMPLAINT AND JURY TRIAL DEMAND

### I.  PARTIES

1. Plaintiff, Dianna Ploss, (hereinafter, the "Plaintiff") is a resident of Boston, Suffolk County, Commonwealth of Massachusetts.

2. Defendant, the Town of Swampscott (hereinafter, the "Town") in a municipal corporation chartered and existing under the laws and Constitution of the Commonwealth of Massachusetts.

3. Defendant, Swampscott Police Department (hereinafter, "Swampscott PD") is an agent of the municipality known as the Town of Swampscott and has an address of 531 Humphrey Street, Swampscott, Massachusetts 01907.

4. Defendant, Swampscott Police Captain Joseph Kable (hereinafter "Kable") was, at all times relevant hereto, a duly authorized Police Captain for the Town of Swampscott.

5. Collectively, the three (3) named Defendants will be referred to as the "Defendants".

1

## II.  JURISDICTION

6. The Court has jurisdiction in this matter pursuant to 28 U.S.C §1331, 28 U.S.C §1343, and 42 U.S.C § 1983. Additionally, the Court may exercise supplemental subject matter jurisdiction over all of Plaintiff's state law claims under 28 U.S.C § 1367.

## III.  FACTS

7. On or about October 15, 2020, Plaintiff exercised her First Amendment rights by attending a rally which was held in support of then-President Donald J. Trump (hereinafter, the "Rally") in Swampscott, Massachusetts.

8. Numerous members of the Swampscott PD, including Kable, were at the Rally, presumably to maintain order.

9. While exercising her constitutionally protected First Amendment rights, Ploss was stalked, harassed and intimidated by an individual named Stephen Schafer (hereinafter, "Schafer").

10. Schafer stalked, harassed and intimidated Plaintiff at the Rally in plain view and in front of numerous members of the Swampscott PD, including Kable.  Schafer followed her around the rally, while yelling crude and sexual language at Plaintiff (i.e., "I will give you ten dollars to fuck me up the ass").

11. The Swampscott PD members, including Kable, failed to arrest Schafer and/or do anything to prevent his repeated harassment and intimidation of Plaintiff.

12. In fact, Plaintiff alleges that Kable laughed and spoke with Schafer as he was in the process of building a six (6) foot wooden cross, which was erected specifically by Schafer to harass Plaintiff and the other peaceful protesters.

13. At this time, Schafer already had a history of stalking Plaintiff throughout Massachusetts, including West Bridgewater, Swampscott, Winthrop, Stoneham and Plymouth, and even followed Plaintiff out of state to Connecticut and Washington D.C.

14. Schafer's uninhibited behavior towards Plaintiff put her in immediate, imminent fear for her life and safety.

15. The failure of Swampscott PD and Kable to prevent Schafer's harassment of Plaintiff directly led to the Plaintiff being placed in fear and imminent danger.

16. Due to the failure of Swampscott PD and Kable, Plaintiff has, and continues, to suffer with symptoms of Post Traumatic Stress Disorder (PTSD), including but not limited to nightmares, hypervigilance, hyper startle reflex, flashbacks, and avoidance of the Town.

## CLAIMS FOR RELIEF

## COUNT 1

## DEPRIVATION OF FEDERAL CIVIL RIGHTS PURSUANT TO 42 U.S.C § 1983

17. Paragraphs 1-16 are referenced and incorporated into Count I.

18. At all times relevant hereto, the Defendants were acting "under the color of state law" within the meaning of 42 U.S.C § 1983.

19. As a result of the acts of the Defendants, under the color of law, as alleged herein, and as a result of their deliberate indifference to the stalking and harassment of Plaintiff, who was deprived of her rights guaranteed to her by the laws of the Constitution of the United States of America, including her right to the free exercise of speech and assembly.

20. As a result, Plaintiff has been caused to be placed in imminent fear for her life and safety and has, and continues, to suffer with symptoms of Post Traumatic Stress Disorder (PTSD), including but not limited to nightmares, hypervigilance, hyper startle reflex, and flashbacks.

## COUNT II

## NEGLIGENCE

21. Paragraphs 1-20 are referenced and incorporated into Count II.

22. Defendants owed Plaintiff a duty of care.

23. Defendant the Town negligently breached its duty of care owed to Plaintiff by failing to properly train and monitor members of Defendant Swampscott PD, failing to arrest and charge Schafer for crimes committed in their presence, and failing to abide by the Constitution under the laws and regulations of the United States of America and the Commonwealth of Massachusetts in failing to protect Plaintiff's Constitutional rights.

24. Plaintiff suffered and continues to suffer injuries and damages as a result of Defendants breach of duty to her.

25. Defendants' breaches of duty were the proximate cause of Plaintiff's injuries and Plaintiff is entitled to be compensated for same in an amount to be determined at trial.

26. Plaintiff has complied with all notices and presentment requirements by timely making demand on the appropriate authority under Massachusetts General Laws c.258. *See*, attached "**Exhibit A**"

27. The municipality defendant has failed to make a reasonable offer with respect to such demand.

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28. Paragraphs 1-27 are referenced and incorporated into Count III.

29. Through the conduct alleged in this Complaint, Swampscott PD, including Kable, intended to inflict emotional distress upon Plaintiff or knew or should have known that emotional distress was likely to result as a result of their conduct.

30. The conduct of Swampscott PD, including Kable, was extreme, outrageous, beyond all possible bounds of decency and was utterly intolerable in an otherwise civilized community.

31. The conduct of Defendants caused Plaintiff to suffer extreme emotional distress.

32. The emotional distress of Plaintiff has been severe and of a nature that no reasonable person could be expected to endure.

33. Plaintiff is entitled to be compensated for all harm caused by the emotional distress inflicted upon him by the Defendants in an amount to be determined at trial.

34. Plaintiff has complied with all notices and presentment requirements by timely making demand on the appropriate authority under Massachusetts General Laws c.258.

35. The municipality defendant has failed to make a reasonable offer with respect to such demand.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS HONORABLE COURT:**

Enter Judgment against the Defendants and for damages as follows:

1. An amount to be determined at trial of this matter, but at minimum, Two Million Dollars ("$2,000,000.00") for general costs and damages;

2. For general damages in an amount to be determined for PTSD, nightmares, hypervigilance, hyper startle reflex and flashbacks;

3. For all reasonable attorney's fees;

4. For all applicable interests and related costs;

5. For the costs of suit incurred herein, and;

6. For all other relief this Honorable Court deems meet, and just.

**The Plaintiff demands a trial by jury on all counts.**

Respectfully submitted,
The Plaintiff,
Dianna Ploss,
By her attorney,

DATED: October 13, 2023

*/s/ Richard C. Chambers, Jr., Esq.*
Richard C. Chambers, Jr., Esq.
BBO#: 651251
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
Office: (781) 581-2031
Cell: (781) 363-1773
Fax: (781) 581-8449
Email: Richard@chamberslawoffice.com