# EXHIBIT A

# Chambers Law Office

Richard C. Chambers, Jr.
Joseph Spinale
John Rouseao †
Janice Stanziani †
Robert M. Joost *
Matthew Littleton *

Paralegal *
Of Counsel †
Licensed to practice in Michigan **

Tel: (781) 581-2031
Fax: (781) 581-8449

220 Broadway, Suite 404
Lynnfield, MA 01940

www.ChambersLawOffice.com

5/26/21

**SENT BY CERTIFIED MAIL/RETURN RECEIPT REQUESTED**
**U.S. First Class Mail & Via Email:** sfitzgerald@swampscottma.gov; rmadigan@swampscottpolice.com

Swampscott Police Department
531 Humphrey Street
Swampscott, MA 01907

**Re:** *Dianna Ploss*

Dear Sir or Madam,

THIS NOTICE OF CLAIM IS HEREBY SENT TO YOU PURSUANT TO THE PROVISIONS OF CHAPTER 258 OF THE MASSACHUSETTS GENERAL LAWS.

Please be advised that this office represents Ms. Dianna Ploss (hereinafter "Ploss") in her claims against:

- Swampscott, MA Town Selectmen
- Swampscott, MA Town Administrator, Sean Fitzgerald
- Swampscott, MA Police Department
- Swampscott, MA Police Chief, Ronald Madigan
- Swampscott, MA Police Captain, Joseph Kable
- Swampscott, MA Police Sergeant, Jay Locke
- Swampscott, MA Police Lieutenant, Thomas Hennessey
- Swampscott, MA Police Detective, Ted Delano

- And other Swampscott, MA Public Officials, known and unknown, whose identities will be determined when the ongoing investigation is concluded.

This notice of claim is hereby sent to you pursuant to the provisions of Chapter 258 of the Massachusetts General Laws. Our client contends that she was physically and verbally attacked, stalked, harassed, sexually assaulted, endangered, intimidated, maliciously prosecuted, and threatened by Mr. Stephen Schafer (hereinafter, Schafer) while a contingent of Swampscott Police Officers failed to protect her, fulfill their legal and official duties, inadequately trained to handle the situation, and willfully or negligently contributed in the illegal actions of the perpetrator against the female victim, Ploss. The Swampscott Police actions included, observing, "while failing to act", aiding and abetting, negotiating with Schafer, a well-known professional

agitator with numerous open criminal cases against him regarding how to conduct his on-going sexual harassment towards Ploss. Clear evidence exists demonstrating how Swampscott Police Officers *encouraged the perpetrator to conduct the illegal activities towards Ploss*. Video evidence depicts Swampscott Police Captain, Joseph Kable, speaking with Schafer while he was in the process of building a 6-foot wooden cross, that he then erected specifically to harass Ploss and others. Furthermore, the evidence demonstrates that Swampscott Public Officials were well aware of the previous conduct of the perpetrator towards Ploss and others, owing them a duty to act and grossly failed to deter such egregious conduct and actions.

The actions described above occurred on Thursday October 15, 2020, in the area of King's Beach, at the intersection of Humphrey Street and Monument Avenue, Swampscott, Massachusetts.

Ploss hereby submits claims for violations of 42 United States Code Section 1983 violations of her *civil rights, abuse of power, failure to properly train police officers, negligence, assault and battery, negligent infliction of severe emotional distress and malicious prosecution* and other claims arising out of the incidents occurring on or about October 15, 2020. As more specifically set forth herein and below, Ploss hereby presents claims for emotional distress, monetary damages and all possible damages including punitive damages, arising out of the events that occurred on Thursday October 15, 2020. Ploss claims damages based on the above listed individuals, and others', known and/or unknown because of the lack of proper training, carelessness, abusive, and the negligent and willful treatment she suffered as a result of the Swampscott MA Police Department's egregious conduct and who willingly or negligently participated, or failed to act, in the above incidents.

Therefore, Ploss hereby makes claim against the Swampscott Massachusetts Police Department and all the above-mentioned Swampscott Massachusetts Public Officials, known and unknown, for damages incurred for the following:

1. Violation of her civil rights.
2. Abuse of process.
3. Negligence.
4. Failure to train officers in department policies.
5. Failure to supervise.
6. Severe emotional distress.
7. Negligently-inflicted emotional distress.
8. Harassment.
9. Malicious prosecution.
10. Libel and Defamation.
11. Violations of her First and Fourteenth Amendments to the United States Constitution.
12. Violations of 42 USC 1983.
13. Any and all other applicable administrative, state or federal laws.

Based on the foregoing, Ploss hereby demands, for settlement of her claims hereinabove, the maximum amount of compensation permitted by law from each of the participating Swampscott MA Public employees known and/or unknown in their official and/or personal capacity as well as the relevant governmental entities. Please be advised to handle this matter properly to avoid causing Ploss additional damages related to this matter. You are further advised to turn this letter over to your insurer, town counsel and each of the named individuals, with the proper

admonitions, for immediate attention. Lastly, please provide to the undersigned attorney complete copies of all the insurance policies that insure the risks described in the present letter within 30 days from receipt of the current.

If you have any questions or concerns, please do not hesitate to contact us.

Yours truly,

RICHARD C. CHAMBERS, JR.

cc:     Swampscott Town Selectmen