UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANNA PLOSS, </br></br> Plaintiff, </br></br> v. </br></br> THE TOWN OF SWAMPSCOTT, SWAMPSCOTT POLICE DEPARTMENT, and SWAMPSCOTT POLICE CAPTAIN JOSEPH KABLE, </br></br> Defendants. | Civil Action No. 23-12376-GAO |

REPORT AND RECOMMENDATION TO DISMISS FOR FAILURE TO SHOW CAUSE

November 1, 2024

Boal, M.J.

Plaintiff Dianna Ploss filed a complaint against the Town of Swampscott, the Swampscott Police Department, and a Swampscott Police Captain (collectively "Defendants") alleging that they failed to prevent a third-party from stalking, harassing, and intimidating her during a rally on or about October 15, 2020. Docket No. 1. On February 15, 2024, Defendants moved to dismiss the complaint. Docket No. 9. On February 19, 2024, Ploss filed an opposition to the motion to dismiss. Docket No. 11.[1]

On July 1, 2024, Ploss's counsel moved to withdraw as her attorney in this matter. Docket No. 17. On July 2, 2024, this Court set a hearing on the motion to withdraw and ordered Ploss to appear at the hearing. Docket Nos. 18, 21. Ploss did not appear. Docket No. 23.

---

[1] On June 4, 2024, Judge O'Toole referred this case to the undersigned for full pretrial management, including a report and recommendation on Defendants' motion to dismiss. Docket No. 15.

On August 9, 2024, this Court granted the motion to withdraw. Docket No. 23. On August 12, 2024, this Court ordered Ploss to state by August 30, 2024, whether she intended to proceed pro se or whether she intended to hire replacement counsel. Docket No. 25. If proceeding pro se, Ploss was directed to inform this Court whether she adopted the operative complaint and the opposition to the motion to dismiss that was filed by her former counsel. Id. If proceeding with replacement counsel, Ploss's new attorney was directed to enter an appearance before this Court by September 30, 2024. Id. On October 9, 2024, after Ploss had not informed this Court as to how she intended to proceed and no new attorney had entered an appearance on her behalf[2], this Court ordered Ploss to show cause in writing, by October 23, 2024, why the case should not be dismissed for failure to prosecute. Docket No. 26.

Ploss has not responded to this Court's order to show cause, and the time to do so has expired. It is a long-established principle that a court has the authority to dismiss an action for a party's failure to prosecute her action and follow court orders. See Gozzo v. Wells Fargo Bank, N.A., No. CV 16-10499-LTS, 2016 WL 9488968, at *1 (D. Mass. May 4, 2016).

For all these reasons, I recommend that the case be dismissed.

REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such

---

[2] To this date, Ploss still has not informed this Court as to how she intends to proceed, and no new attorney has entered an appearance on her behalf.

objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).

          SO ORDERED.

          /s/ Jennifer C. Boal
          JENNIFER C. BOAL
          United States Magistrate Judge